16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 James T. CARMICHAEL Petitioner-Appellant,
v.
ARKANSAS ATTORNEY GENERAL; Larry Norris, Interim Director,
Arkansas Department of Corrections; Roger Endell,
Director, Arkansas Department of
Corrections, Respondents-Appellees.
 No. 93-1848.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 18, 1993.
Filed: January 25, 1994.
 
 Before McMILLIAN and MAGILL, Circuit Judges and JACKSON,* District Judge.
 PER CURIAM.
 
 
 1
 James T. Carmichael appeals from a final order entered in the United States District Court[1] for the Eastern District of Arkansas denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. Carmichael v. Endell, No. LR-C-91-350 (E.D. Ark. Feb. 25, 1993) (order). For reversal, Carmichael argues the district court erred in denying his petition because his trial counsel afforded him ineffective assistance by failing to request jury instructions regarding (1) self-defense and (2) lesser included offenses of capital murder. Having considered the parties' arguments and reviewed the record in this case, we affirm the order of the district court.
 
 
 2
 On November 9, 1987, Carmichael was convicted by a jury in Arkansas state court of capital murder and attempted rape and was sentenced to a term of life in prison without the possibility of parole. Having exhausted his state court remedies, Carmichael filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. Sec. 2254 arguing that his trial counsel afforded him ineffective assistance by failing to develop a theory of self-defense, failing to request a jury instruction regarding self-defense, and failing to request a jury instruction regarding any of the lesser included offenses of capital murder. The matter was referred to a United States Magistrate Judge.[2] After holding an evidentiary hearing, the magistrate judge found that Carmichael's trial counsel was unaware of the so-called "second version" of the facts, a version other than that told by Carmichael at trial, that may have called for a jury instruction regarding self-defense. The second version of the facts was that Carmichael met Elizabeth Marsh, the victim's wife, at a convenience store on April 18, 1987, and that she told him that she wanted to "smoke some dope" and invited him into her house. The two smoked dope and began "messing around." Eric Marsh, the victim, caught them, and when Carmichael attempted to get into his car, Eric Marsh tried to stop him and Carmichael fatally shot him "trying not to hurt him." At trial, Carmichael testified to a different version of the facts. Carmichael testified that he had been drinking during the afternoon of April 18, 1987, as he drove around. Not wanting to risk a "DWI" charge, he picked up a hitchhiker, and asked the hitchhiker to drive. Carmichael passed out as the men were driving around. He woke up in a ditch and began walking and stumbled upon his car. The keys were in the car, as well as a pistol from which three shots had been fired.
 
 
 3
 The magistrate judge found that trial counsel reasonably relied upon Carmichael's initial statement to the police and testimony at trial that he had an alibi and was not present at the scene of the crime. The magistrate judge also found Carmichael's contention that his trial counsel was ineffective for failing to instruct the jury regarding the lesser included offenses of capital murder to be without merit because Carmichael himself expressly waived his right to have the jury so instructed even though his trial counsel had prepared lesser included offense instructions.
 
 
 4
 We have reviewed the record in this case and Carmichael's arguments, and agree with the conclusions set forth in the magistrate judge's report and recommendation, as adopted by the district court after de novo review. The order of the district court is affirmed. See 8th Cir. R. 47B.
 
 
 
 *
 *The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, sitting by special designation
 
 
 [1]
 The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas